The Court hath perused and Considered the State of the Accounts of the said Estate as returned and Signed by Jacob Motte John Rattray and James Withers three of the Auditors appointed to Audit the Said Accounts: They have also Considered the Observations of Peter Taylor Esq. one of the Auditors appointed by the Court on the said State of the Accounts and the Remarks of Mr. Rattray upon those Observations and given to each their proper Weight, and although the said State of the Accounts may have been rightly calculated and the Ballances rightly carried out by the said Auditors upon a Supposition that the Charges on the Debit Side of the Accounts were proper Charges against the Estate of the said James Goodbee, yet as many of these Charges appear to have been occasioned by Supplyinge the Children with such necessaries as were not Suitable and proper for their State and Condition or for the necessary Expences of the Negroes and other Estate of the Children and Legatees of the said James Goodbee, The Court is of Opinion that they are improperly Charged to the Said Estate and therefore they will not be allowed by this Court. The Court have Considered the Will of the Testator James Goodbee and the Codicil annexed to the Same, whereby the Testator’s Intention plainly appears That his Widow the now Wife of the said John Mimmack should only have her Living on his Plantation with Such Accomodations As the Plantation afforded and that too but during her Widowhood; and that the Children should be maintained and brought up out of the Income and Profits of the Estate And therefore no other Charges but such as were absolutely necessary should be made against the Estate for the Support or Maintenance of the Widow or Children, which Intention of the Testator Ought to have been the Guide and Direction of Mrs. Mimmack and her Second Husband during their Management of the Testator’s Affairs. It seems clearly admitted by the Said Accounts and So agreed by the particular observations and Remarks of the Said two Auditors Taylor and Rattray, that the Estate of the Said James Goodbee was no more than Four Thousand Pounds in debt at the time of the Testator’s Death, And it is also admitted and Agreed, that there was made from the Produce of the Said Estate in about five Years during the time the Estate was in the hands of the said Mimmack and his wife about £9000. The Court is therefore of Opinion that these Profits ought in *395 the first place to have been applied to the paying o£ the Testator’s Debts, and also to have maintained and defrayed the Expences of the said Children and Estate according to the Testator’s direction and Intention which they were more than Sufficient to have done, had these Profits been properly applied as they ought to have been to these purposes only. It is a Rule laid down in 2d Ventris 353 1 Vem. 255 and W. I. 330 that where Legacies are left to Children the Profits of which are Sufficient for their Maintenance, that the Principal shall not be broke in upon by the Mother or Executors under pretence that more than the Profits were expended in their Maintenance and Education; And therefore as it Sufficiently appears to the Court that the gross income of the Said Testator James Goodbee’s Estate was more than Sufficient to have paid off the Debts and Charges left on the Estate by the Testator, and also to have defrayed the Expences of the Said Estate and Maintained the Children Suitable to their Degree and Condition had they been duly applyed to these purposes, nothing beyond these Profits if So much ought to have been Expended by The Executors, And therefore nothing beyond the same ought in Justice or Equity to be allowed the Said Executors on the said Accounts; And therefore the Court doth disapprove of the Settlement of the Said Accounts as returned by the Said Auditors; And the Court is of Opinion that the gross income of the said Estate during the time it was in the hands and management of the said Anna and John Mimmack be set against the Debts Charges and Expences of the said Estate and be taken as a Full Compensation for the same. But as it appears, That the Estate of the said James Goodbee is Credited the Sum of £6415.13.4 for the gross income thereof during the said Anna’s Administration and Management to the time of her intermarriage with the said John Mimmack when her Executorship ceased; It is the Opinion of the Court that the Sum of Four hundred Eighty one Pounds three Shillings and Sixpence £481:^6] be allowed for the same as a proper Charge against the said Estate to the said John Mimmack and his Wife But as it appears to the Court, That the said John Goodbee as Executor of the said James Goodbee hath given his Bond to Messrs Cleland and Wallace for the Sum of £429:3:5 which with the Interest thereof to the 2d day of February next amounts to £465 being the remainder of a Debt due from the said James Goodbee in his Lifetime to the said Cleland and Wallace and which ought to have been paid by the said Ann and John Mimmack out of the-gross Income of the said Estate, It is therefore the Opinion of the Court That the said John Goodbee do apply apply the Sum of £465 part of the said Sum of £481:3:6 in payment of the said Debt to the said Cleland and Wallace and the residue of the said Sum of £481:3:6 he do pay to the Said John Mimmack in full of the said Commissions accordingly out of the said Estate. And it is further the Opinion of the Court that the said John Mimmack do deliver over to the said John Goodbee the residue of the Estate of the said James Goodbee that remains in Specie in his hands And which it is the Opinion of this Court he *396 ought forthwith to do: And it is further the Opinion of the Court that the said John Goodbee do on or before the Second Tuesday of May next return into the Office of Register of this Court a just State and account of the said Estate which now is or before the said time may come into his hands and of the profits he hath made from the same, to be Subject to the further Order and direction of this Court.
Alexr Stewart Deputy Register in Chancery